ALBANY,
Feb. 1811.

PEASE
v.
MORGAN.

In an action against two or more persons, on a promissory note, with a joint name or firm, if the declaration contains no averment that the defendants were partners, or acted under the firm; but that the defendants "made the note in their own proper hands and names thereunto subscribed," proof that one of the defendants subscribed the note with the joint name or firm, is not sufficient to prove the contract as laid. But on error from the court of common pleas, this court allowed the defendant in error to amend his declaration, on payment of costs in the court below, subsequent to the declaration; and the plaintiff *in error* was allowed 20 days after service of such amended declaration to pay the amount recovered below, without costs, or to plead, and if he pleaded, a *venire de novo* was ordered, returnable at the next *circuit.* Where judgment is given for the plaintiff in the court below, and that judgment is reversed, the plaintiff in error recovers no costs.

## PEASE and another *against* MORGAN.

THIS cause came before the court on a writ of error from the court of common pleas of *Oneida* county. *Morgan* declared, in the court below, against *John B. Pease* and *George Pease*, for that whereas the said *John B.* and *George*, on the 20th of *May*, 1799, at, &c. made their note in writing, commonly called a promissory note, their own proper hands and names being thereunto subscribed, by the name and description of *John* and *George Pease*, bearing date, &c. and then and there delivered the said note to *Samuel Milliman* and *Zerah Smith*, and thereby, for value received, promised the said *Samuel* and *Zerah*, by the name and description of *Milliman & Smith*, to pay to them or order, 34 dollars and 50 cents, on demand with interest, &c.

The declaration then stated the endorsement from *Milliman & Smith* to the plaintiff; and that the defendants below became liable, &c. and being so liable, &c. undertook, and promised to pay, &c.

Plea *non assumpsit.*

At the trial in the court below, the subscribing witness to the note was called to prove its execution. He testified that he subscribed his name as a witness; that one of the defendants signed the note, and he was of opinion that the signature was in the hand-writing of *George Pease.*

To prove the endorsement, one witness stated that he thought it the hand-writing of *Milliman*, but had never seen him write but once, and another witness said it more resembled the hand-writing of *Smith*, but that his recollection as to the hand-writing was imperfect.

The defendants objected to the reading of the note in evidence; but the court overruled the objection, and a verdict was found for the plaintiff.

The errors assigned were, 1. That there was a variance between the count and the note, both as to the making and subscription.

2. It was not proved that the makers of the note, or the endorsors, were partners, or that one had authority to sign for the other. It was only proved that *George*, one of the defendants, signed the note. The proof did not, therefore, support the declaration.

3. The proof of the hand-writing of the makers and endorsors was not sufficient.

The cause was submitted to the court without argument.

*Per Curiam.* There was no averment in the declaration that the defendants were partners, or acted under the firm of *John & George Pease*, but the declaration is, that the defendants made the note, " their own proper hands and names being thereunto subscribed," and the proof was, that only the defendant *George* signed the note. This was not sufficient to prove the contract as laid. There is no case or precedent to warrant such proof applied to such a declaration.

In *The Manhattan Company* v. *Ledyard & Ledyard*, (1 *Caines' Rep.* 192.) there were the proper averments; and that case only decides that it was sufficient to state that the firm subscribed the note, without saying that one of the firm did it in the name of the firm.

The exception to the testimony being properly taken, the judgment below must be reversed, unless the defendant in error chooses to avail himself of the terms on which this court is willing to relieve him, upon his prayer for leave to amend. On the payment of the costs of the court below, subsequent to the filing of the declaration,

ALBANY,
Feb. 1811.

the defendant has leave to amend his declaration, by inserting the requisite averments, and the plaintiff in error has 20 days from the service of the amended declaration to pay the amount of the note, as recovered in the court below, without costs, or to plead; and in the last case a *venire de novo* is awarded, returnable at the *Oneida* circuit. The authorities for this proceeding are *Brown* v. *Clark*, (3 *Johns. Rep.* 443.) and the cases there referred to; *Dumond* v. *Carpenter*, (2 *Johns. Rep.* 184.) *Vicar* v. *Hayden*, (*Cowp.* 841.) and *Rex* v. *Ponsonby*, (1 *Wils.* 303.) This is done without costs in error, because, if judgment be given for the plaintiff below, and that judgment be reversed, the plaintiff in error recovers no costs, as the case is not within any of the provisions of the act giving costs. (*Ball* v. *Potts*, 5 *East*, 49.) The allowance of the amendment in this case may be going further than the precedents; but not further than the reason and principle on which they are founded. "The superior court where error is brought, may," says Ch. J. *Lee*, "make such amendments as the court below may, when the superior court has the same matter to amend by, as the inferior has." Here we have the whole record, and such an amendment in a declaration would be almost a matter of course in the same court.