##### IN THE

# SUPERIOR COURT OF JUDICATURE.

##### FOR THE

## COUNTY OF GRAFTON, MAY TERM,

### A. D. 1831.

---

### DAVID S. ROWELL *versus* CALVIN BRUCE.

The want of a material allegation in a declaration cannot be supplied by way of amendment after a verdict.

In cases, where the record of an inferior court is removed to a superior court, the court above may grant leave to amend. But a writ of error does not remove the record. And where an amendment in a record is required after error brought, it must be made in the court below.

In assumpsit, in the court of common pleas, against Rowell, the declaration alleged that the *said Blood,* on the 18th October, 1829, promised to pay the plaintiff $20, in goods, at B's store ; and that *postea, scilicet* on the 15th July, 1829, the plaintiff demanded payment at B's store. Judgment by default in the common pleas. On error brought it was held, that Blood must be considered as inserted by mistake for Rowell ; that the *scilicet* was repugnant to the *postea,* and might be rejected as surplusage, and that the want of an allegation of the day when the demand was made, was only a defect in form, and the judgment was affirmed.

THIS was a writ of error brought to reverse a judgment of the court of common pleas in this county. It appeared by the record in the court below, that Bruce

brought an action against Rowell, and declared against him "in a plea of the case for that the said *Blood*, to wit, at said Haverhill, on the 18th October, 1829, by his promissory note, under his hand, of that date, for value received, promised the plaintiff, to pay him, the sum of $20, in goods, at Brewer's store. And the plaintiff avers, that afterwards, to wit, on the 15*th July*, 1829, he demanded payment of the note aforesaid, at said Brewer's store; yet the defendant has not paid the same, but wholly neglects and refuses so to do."

The error assigned was, that the declaration was in law insufficient.

*Bellows*, for the defendant in error, moved for leave to amend the declaration.

*Bell*, on the same side.

*Nelson*, for the plaintiff in error.

RICHARDSON, C. J. delivered the opinion of the court.

The defendant in error has asked leave to amend his declaration. But this motion cannot be sustained. There is no doubt that certain defects in a record may be amended after judgment, and a writ of error brought. Thus a verdict may be amended by the notes of the judge, who tried the cause. 6 Pick. 512, *Clark* v. *Lamb*; 8 ditto, 415, *Clark* v. *Lamb*.

The form of a judgment may be corrected to amend a mistake arising from a misprison of the clerk of the court. 1 Pick. 351, *Atkins* v. *Sawyer*; 5 Burrows, 2730, *Short* v. *Coffin*.

It has been decided in the supreme court of the United States, on a writ of error, that a party might be permitted there to enter a remitter of part of the damages found in the court below. 2 Peters, 327; *Bank of Kentucky* v. *Ashley*.

Many instances of amendments are to be found in the books, which were made after judgment. Com. Dig. "Amendment."

But we are not aware of any rule of law which ad-

mits an amendment after judgment, or even after a verdict, to supply the want of any material allegation in a declaration. Com. Dig. " Amendment" X.

And if any material defect in the declaration could by law be amended, the amendment could not be made here. We have before us a copy of the record, and not the record itself, and cannot alter the record of the court below. 10 Mass. Rep. 251, *Hutchinson* v. *Crossen* ; 15 Johns. 318 *Cooper* v. *Bissell.*

In cases where a record itself is removed to a superior court, the court above may give leave to amend. 7 Johns. 468, *Pease* v. *Morgan* ; 3 Johns. 443, *Brown* v. *Clark*; 2 ditto, 184, *Damond* v. *Carpenter* ; 1 Mass. Rep. 233.

But in cases like this, when an amendment of a record in the court below, is required, after a writ of error brought, the amendment must be made in the court where the record remains. 3 Bing. 334, *Richardson* v. *Melish* ; 8 Pick. 415, *Clark* v. *Lamb* ; 3 Johns. 95, *Tillotson* v. *Cheetham* ; 13 Mass. Rep. 270, *Thatcher* v. *Miller.*

But a judgment is not to be reversed for any kind of circumstantial errors, where the case may be rightly understood and intended by the court, nor for want of form only. This is the language of the statute. And although we cannot amend any defect in the record of the court below, we can disregard any defect, which comes within the meaning of the statute. If, upon examination, the declaration is found to be correct in substance, the judgment must be affirmed, whatever may be the errors in mere form, which it contains.

The first objection to the declaration is, that the promise is alleged to have been made by " the said Blood" and not by the said Rowell.

There is a manifest mistake of the name in this part of the declaration, but what the real meaning and intention was, is as manifest as the mistake. There is no mention of the name of any person in the preceding part of the writ, except those of the plaintiff and the defendant.

The use of the word " *said*," shows that the intention was to insert the name of some person who had been before named. It is then certain that the name of " Blood" was used by mistake, either for the name of the plaintiff or the defendant. The question then comes to this, can we doubt, are we at liberty to doubt, whose name was intended to be used here, the name of the plaintiff or of the defendant ? We think not. It seems to us that it would be a reproach to the law, if a judgment could be reversed for a mere clerical mistake, which cast not a shadow of doubt upon the real meaning and intention of the allegation, in which it occurred. The law merits no such reproach. It is settled that such a mistake is not to be regarded.

In *Bemis* v. *Faxon*, 4 Mass. Rep. 263, it was held that a declaration, in assumpsit, laying the promise on a day after the teste of the writ, was well enough after verdict, although it might have been bad on a special demurrer.

In 7 Dowling and Ryland, 511, the defendant, whose name was Edmund, and who was sued by that name, commenced his plea thus, " and the said Edward"—but it was held that the plaintiff could take advantage of this clerical mistake only by special demurrer.

In the case of *Marsh* v. *Berry*, 7 Cowen, 344, Richard W. Barry and Simeon Berry, were sued by Marsh in trespass *quare clausum fregit*. Upon a verdict in favor of the defendants, in the common pleas, judgment was for Richard W. Barry and *John S. Berry*—a writ of error was brought in the supreme court, but it was decided that the mistake in the name was merely clerical, and the judgment was affirmed.

In *Colman* v. *Earle*, 1 Strange, 228, the plaintiff's name was Walter, and the promise was alleged in the declaration to have been made " to the aforesaid William," but it was held to be well enough.

In *Shore* v. *Brown*, 1 Salkeld 26, a promise was al-

was not alleged by whom the promise was made. Upon error brought the court said it could not be supposed that a stranger promised, or that the plaintiff promised, and held the declaration to be well enough.

There are many other cases in the books to the same effect. Com. Dig. "Amendment," T 2 ; 5 Mod. Rep. 305, *Gatehouse* v. *Rowe*.

We are aware of the case of *Hemmenway* v. *Hicks*, 4 Pick. 497, which is a direct authority in favor of the plaintiff in error in this case. But we think the better opinion is the other way.

Another objection to the declaration is, that the demand of payment is laid upon a day anterior to the day on which the promise is alleged to have been made.

The declaration states the promise, and then avers " that *afterwards*, to wit, on the 15*th July*, 1829," which was in fact before the promise, a demand was made. The *scilicet* is then repugnant to the *postea* and may be rejected as surplusage. 1 Chitty's Pl. 233 ; 5 East, 255 ; 1 Salkeld, 325.

The question then arises, whether the allegation that a demand was afterwards made, is sufficient without stating the particular day, when it was made ?

The note was payable in goods, at a particular place, but no day of payment was mentioned. It was then a note payable in goods on demand, and a special demand was necessary to be alleged and proved. 5 Cowen, 516, *Lobdell* v. *Hopkins*.

When the promise is to pay money on demand at a particular place, a demand is necessary. 2 Peter's S. C. Rep. 549 ; Bayley on Bills, 18.

It was formerly held, where the action cannot be maintained without proving a special demand, that the demand must be alleged with time and place, and if not so alleged, the omission would be fatal on a general demurrer or after a verdict. 1 Chitty's Pl. 324 ; 5 D. & E. 409, *Bach* v. *Owen*.

But it is difficult to comprehend how such a rule can upon principle, be sustained. For, if, for instance, in this case a demand was made after the note was due, and before the action was commenced, how is it material on what day it was made ? We do not see. The omission seems to us to be a mere defect in form, which cannot be now regarded. And we find that this opinion is in accordance with what is now considered to be the law on this subject in the courts of the country, where a different rule was first established and long followed. Laws Pl. in Assumpsit, 242 ; 10 East, 359, *Bowdell* v. *Parsons.*

*Judgment affirmed.*