### IN THE

# SUPREME COURT OF JUDICATURE

#### OF THE

## STATE OF NEW JERSEY,

### AT NOVEMBER TERM, 1831.

---

### BENJAMIN A. ROGERS AND OTHERS v. GOULD PHINNEY.

Where the demand of the plaintiffs was for merchandize sold and delivered to the defendant, and the declaration contained the common counts, the plaintiffs were allowed to amend the declaration, by adding counts on a special agreement made between the parties at the time of the sale. And this, after the cause had been removed into the Court of Appeals, the judgment reversed, a *venire de novo* ordered, and the record remitted to the Supreme Court.

Such amendment will be allowed upon payment of the costs of the motion, and the costs of the defendant in the Court of Appeals, and with leave to the defendant to plead anew.

---

This was an action of trespass on the case brought by the plaintiffs against the defendant in the Supreme Court. The declaration filed contained the common counts for goods sold and delivered. The cause was tried at the Circuit Court in and for the county of Essex, at the April Term, 1829. At the trial, several exceptions were taken by the counsel for the defendant to the evidence offered by the plaintiffs, and to the charge of the judge, who tried the cause, and bills of excep-

tions allowed and sealed. A verdict was given for the plaintiffs, and judgment entered up in the Supreme Court. The cause was removed by writ of error to the Court of Appeals. The assignment of errors contained ten several reasons for reversal, and the cause was argued in that court by *Scudder* and *Williamson* for the plaintiff and *Frelinghuysen* and *Hornblower* for the defendants, in the May Term, 1831. The judgment was reversed, a *venire de novo* ordered, and the record remitted to the Supreme Court; and now at this term *Hornblower* moved to amend the declaration, and cited *Henderson* v. *Miller*, 2 *John.* 295; *Harris* v. *Wadford*, 3 *John.* 257; *Davie* v. *Attwood*, 7 *Cow.* 488; *Utica Insurance Company* v. *Scott*, 6 *Cow.* 608.

*W. Halsted* opposed the application, and insisted, 1st. That the amendment is not within any rule or principle of amendment. 2d. That if allowed, the plaintiff should pay all the costs of the defendants on the writ of error.

The opinion of the court was delivered by Chief Justice EWING.

The demand of the plaintiffs is for merchandize sold and delivered to the defendant, and the declaration contains the common counts. On the trial it appeared there had been a special agreement between the parties at the sale of the goods, and the defendant insisted, among other things, that the plaintiffs could not recover, because their declaration contained only general counts and no count on the special agreement. A verdict and judgment having been rendered for the plaintiffs, the cause was removed into the Court of Appeals, and the above mentioned matter, with sundry others, being assigned for error, the judgment was reversed. A *venire de novo* having been ordered and the record remitted here, the plaintiffs have moved to amend their declaration by adding counts on the special agreement. The defendant insists the amendment cannot now be permitted.

The amendment sought by the plaintiffs will introduce no new cause of action. The proposed counts are, like the former, for the sale and delivery of merchandize; and of the same merchandize already the subject of demand in this action. The whole end of the amendment is to enable the plaintiffs to present the same claim in another form better adapted to the evidence. Such being the case, the application is supported by

principle and precedent, and similar amendments have repeatedly been made.

One of the usual terms, on which an amendment is allowed is, that the party asking it shall pay to the other the costs incurred in pointing out and establishing the error. As, if the amendment is asked on filing a demurrer, the costs of the demurrer; or, if after argument, the additional costs incident thereto; in order that the costs induced by the error may fall on him who has made it. The difficulty in settling the terms in the present case, results from the uncertainty whether the reversal took place on this ground, for if it did, the costs of the defendant in the Court of Appeals are clearly within the principle. It appears, however, to have been one of the matters assigned for error and discussed; the plaintiffs' counsel candidly states his information that a distinguished member of that court rested his decision upon it; and the application for amendment is predicated of an existing error. Hence we think these costs ought to be paid.

Let the amendment be made on payment of the costs of this motion, and the costs of the defendant in the Court of Appeals, and with leave to the defendant to plead anew.*

FORD, J. and DRAKE, J. concurred.

* NOTE.  *Pease* v. *Morgan,* 7 *John.* 468; *Cross* v. *Kaye,* 6 *D. & E.* 543; *Maddock* v. *Hammet,* 7 *D. & E.* 55; *Boudinot* v. *Lewis,* 2 *Penn.* 512; *Saltar* v. *Saltar,* 1 *Halst.* 405.

CITED in *Exrs. Gulick* v. *Loder,* 3 *Gr.* 419; *Van Dyke* v. *Van Dyke,* 4 *Harr.* 3; *Ten Eyck* v. *Del. & Rar. Canal Co., Ib.* 9.