## ROCHESTER v. ROBERTS.

In this State a writ of error need not be indorsed, neither is security for costs required.

A writ of error does not operate as a supersedeas or stay of execution; but this court may, upon petition therefor, grant an injunction as incident to the writ of error, staying the issuing or collection of an execution.

An assignment of errors should be filed at the time of the issuing of the *scire fácias ad audiendum errores*, and should be inserted in the *scire facias*.

The *scire facias* should be served upon the defendant in error, fourteen days before he is required to answer to the writ of error; and whenever there is time, between the issuing of the writ of error and the return day of the same, to have the *scire facias* issued and served, it should be done.

In case the *scire facias* is not issued till the writ of error is returned, an order may be made for the service of the same during the return term, provided there is time.

The return to a writ of error should be under the hand and seal of the chief justice of the court to whom the writ is directed; and a transcript of the record of the suit named in the writ should be annexed to the writ.

The clerk of the court to which the writ is directed makes out the transcript, but it belongs to the plaintiff in error to see that the writ is duly returned, and the transcript annexed.

It is the duty of the defendant in error to file all necessary papers with the clerk of the court below, that a record of the judgment may be made up; and if he neglects so to do, he cannot take advantage of the want of a transcript or return of the writ.

If the plaintiff in error has been prevented from causing a return to be made to the writ, and a transcript to be filed, through the fault of the defendant in error, leave will be granted to make the return and file the transcript *nunc pro tunc*.

Where A. brought a writ of error against B., but no return was made to the same, and no transcript of the record annexed thereto, but it appeared that the record had not been perfected so that a transcript could be made, because the defendant in error had neglected to file the papers in the original suit,— *Held*, that a motion to dismiss the suit for want of a return and transcript should be overruled, and that the plaintiff in error should have leave to cause a return and transcript to be made *nunc pro tunc*.

If, when the transcript of the record is returned, it appears to be so defective that the court cannot consider it understandingly, diminution of the record may be alleged, and a *certiorari* to the court below, to perfect the same, procured.

If amendments in the record of the original suit are necessary, they must be made in the court below.

Rochester v. Roberts.

Writs of error are amendable; and where the writ purported to include the declaration in the original suit, but one of the counts was omitted to be inserted,—*Held*, that the writ might be amended by inserting the count.

ERROR. The writ of error was dated August 7, 1851, was brought to reverse a judgment in the common pleas, and was returnable at the following December term of this court, at which time it was returned; but no transcript of the record of the judgment which it was brought to reverse was sent up, nor was there any return made to or upon the writ.

The writ of error undertook to recite the declaration in the original action, which contained fifteen counts, and in so doing omitted to insert one of the counts.

The *scire facias* was dated on the same day with the writ, and was served on the 9th of August, 1851. It recited correctly the declaration in the original action, but it did not contain any assignment of errors.

An assignment of errors was first made and filed at the return term of the writ of error. The plaintiffs in error moved to amend the writ at the same term, and no further action was had in the case at that term.

At the following July term, 1852, the defendant in error moved the court to quash or dismiss the writ of error for the following causes:

" 1. For that the plaintiffs in error did not at any time before the suing out of the writ of error, and of the *scire facias* thereon, nor at any time before the close of the return term of said writs, make an assignment of the errors alleged to exist in the record, process and judgment in said writ of error mentioned.

2. For that the plaintiffs in error have not at any time caused said writ of error to be served on, or in any way notified or made known to the said John J. Gilchrist, chief justice of said court of common pleas, and, consequently, the record and process in the suit in said writ of error mention-

ed, if any such there ever was, has not been by said chief justice sent to this court.

3. For that there is not on the files or record of said court of common pleas any such declaration in an action said Roberts against said Rochester, as is in said writ of error set forth and recited. And this appears by the admission of the plaintiffs in error, and is the reason of the motion for leave to amend the said writ of error.

4. For that the declaration in said alleged action of Roberts against Rochester, as set forth and recited in said writ of error, is other and essentially different from the declaration in said case, as set forth and recited in the plaintiffs' said writ of *scire facias.*"

*Christie,* for the defendant in error.

*Kimball,* for the plaintiffs in error.

The counsel upon the other side is mistaken in regard to the time when the assignment of errors was made. It was made and filed at the return term of the writ, and the counsel then had it in his hands. We do not pretend that it was made before; nor was it necessary. There has been no delay in the case on this account. There certainly has been no fixed practice as to when the assignment of errors should be filed, and it is always in the power of the defendant in error to move for and obtain a rule to have the assignment of errors made.

We did not file an assignment of errors before taking out the writ, because the clerk of the court of common pleas said the judgment was not made up. In Massachusetts, the practice as to filing an assignment of errors has been variable. Howe's Practice 480; Dane's Abr. 70, 71. And with us, it has probably never been confined to any strict rules. Our courts have no doubt seen that justice has been done in this respect, but so far as we know, have established no fixed rules.

II. In regard to the second ground for quashing the writ, we say that the writ of error was delivered to the clerk of the court of common pleas, and that he was requested to make a transcript of the record and return it to this court, together with the writ of error. This seems to have been the most common practice as to service, and the clerk of the common pleas has thereupon made a transcript of the record and returned it to this court.

In this case, the clerk of the common pleas returned the writ of error to this court, but did not return the record. He, however, gave as a reason for not bringing the record, that the defendant in error had not filed his papers, so that the judgment could be put into proper form.

As to the service of the writ of error, we did what we presume to have been the most general practice in our courts. We could not compel the clerk to return the record. In Massachusetts, the practice seems to be to deliver the writ of error to the chief justice of the inferior court, though there is no particular form or time in which to do it. Howe's Practice, 479. It would seem to be more convenient to deliver it to the clerk, as he has the custody of the record.

III. The third ground for dismissing the writ of error, is an alleged variance between the writ of error and the declaration in the original writ. But this, we say, is immaterial, and could not have misled or in any way prejudiced the defendant in error, as the original declaration was rightly set forth in the writ of scire facias. The error consists in the omission to insert in the writ the fifteenth and last count contained in the original declaration. This count is inserted in the scire facias, and yet this is the discrepancy complained of.

Although the case is clearly identified in the writ of error as it is, without the fifteenth count, yet as the writ of error undertook to recite the original declaration, we have moved to amend the writ by inserting the fifteenth count. And this, we conceive, the court will readily grant us leave to do.

2 Saunders 101, note; Cowper's Rep. 425; *Veretel & Smith* v. *Rafael*, 2 Ld. Raym. 1587; *Gardner* v. *Merrott*, 2 Strange 863; N. H. Rev. Stat. chap. 186 § 10.

The motion to quash should not be entertained at this time. It comes too late; for had the defendant in error made his motion at the first term, it could have been considered at once, and the merits of the case could have been arrived at before this time.

EASTMAN, J. Very few questions have arisen in this State as to the practice appertaining to writs of error. The motion made in this case, however, necessarily involves an inquiry to some extent as to what the practice should be.

The first ground taken for dismissing this writ is, that no assignment of errors has been duly made.

We find among the papers produced, an assignment of errors purporting to have been made at the December term of this court, 1851, being the term at which the writ was returnable. The latter part of the objection, then, that no assignment of errors had been filed before the close of the return term, was probably made under a misapprehension of this fact.

The other part of the objection, however, that the assignment was not made before the issuing of the writ of error, or the scire facias thereon, still exists, and is to be considered.

Under the English practice, the assignment of errors is not made till after the writ of error is returned, and the transcript of the record from the court below sent up and filed. And the assignment is in the nature of a declaration, to which the defendant in error pleads or demurs, as the case may be. 2 Bac. Abr. 216; Rol. Abr. 760, 769; 2 Tidd's Prac. 1099, 1107; 2 Crompton's Prac. 333, 339.

Such, also, has been the practice in the superior court of the State of New York, where the rules of the king's bench, in regard to writs of error, have been generally followed.

Graham's Prac. 786, 787; 2 Tidd's Prac. App. 93. Such is also believed to be the practice in some other States.

In Massachusetts, the practice appears to have been variable. It is said that the assignment of errors should properly be filed in the clerk's office before the issuing of the writ of error and scire facias, though there is no rule positively preventing the issuing of the writ and scire facias previously to the filing of the assignment of errors. And that if the assignment of errors be filed before the issuing of the writ, it may be inserted in the scire facias. Howe's Prac. 480, § 6; *Commonwealth* v. *Shelden,* 3 Mass. Rep. 188.

In *Pembroke* v. *Abington,* 2 Mass. Rep. 142, the court say: " If you insert the assignment of errors in your scire facias, you may probably have a decision the first term."

In England, and we believe also in most of our own States, security for the costs in error, and also, in many cases, for the payment of the judgment recovered in the court below, is required by statute; and the writ of error, when the security given is for the payment of the judgment, either, of itself, operates as a stay or supersedeas of execution, or an order of court is procured to that effect. When, however, it is made to appear to the court that the writ of error is brought merely for delay, or the proceedings on the execution have gone too far, an order is not granted. 2 Bac. Abr. 210; Graham's Prac. 782, 783, 784; 2 Arch. Prac. 244; *Dutton* v. *Tracy,* 4 Conn. Rep. 365; *Van Antwerp* v. *Newman,* 4 Cow. Rep. 82; *State* v. *Page,* 1 Harris & Johns. Rep. 475; *Arnold* v. *Fuller,* 1 Ham. Rep. 458; *Delafield* v. *Sandford,* 3 Hill's Rep. 473; *Burge* v. *Burns,* 1 Morris' Rep. 287.

When the execution is thus stayed, the defendant in error cannot have his judgment satisfied until a decision of the case upon the writ of error is made. Hence, perhaps, the various rules adopted to expedite the proceedings; it being said in the English treatises and decisions, that after the writ is returned, neither party has any day in court. 2 Bac.

Rochester *v.* Roberts.

Abr. 216; 2 Leonard's Rep. 107; 2 Tidd's Prac. 1100; 2 Crompton's Prac. 335.

By the English practice, if the errors be not assigned within the required time, the defendant in error sues out his writ of *scire facias quare executionem non,* and if, upon such writ, the plaintiff in error does not assign his errors, but suffers judgment to go by default, no errors afterwards assigned will prevent execution. Carthew, 40, 41; 1 Arch. Prac. 270.

So far as our investigations have gone, this writ of *scire facias quare executionem non,* is not in use in the American courts, but its object is attained by the more simple practice of rules and orders of court; by which the plaintiff in error is required to assign his errors within a specified time, or his default will be entered. *Barr* v. *Waterman,* 18 Johns. Rep. 508; *Snapp* v. *Link,* Martin & Terg. 265; *Boyd* v. *Ham,* 1 Kelly's Rep. 190.

With us, no security for costs in prosecuting a writ of error is required. It is a judicial writ, and need not be indorsed. *Tracy* v *Perry,* 5 N. H. Rep. 172. Neither does the writ operate as a supersedeas or stay of execution. This court, however, may grant an injunction as incident to the writ of error, upon petition therefor, (if in their judgment good cause is shown,) staying the issuing or collection of an execution, as the case may require.

Neither do we require any formal allowance of the writ, as is the practice in some jurisdictions. The writ of error is a writ of right, and is as readily and easily procured as any other writ. It lies in all cases where the court whose proceedings are complained of, acts as a court of record, according to the course of the common law, and has actually rendered judgment. *Huse* v. *Grimes,* 2 N. H. Rep. 210. It may be brought where a man is grieved by any error in the foundation, proceeding, judgment or execution of a suit. Co. Lit. 289, b.; 2 Bac. Abr. 187; 2 Salk. 504;

4 Cowen's Rep. 82; *Scott & als.* v. *Craig*, 1 Wendell's Rep. 35; *Pembroke* v. *Abington*, 2 Mass. Rep. 142.

But notwithstanding it is generally held to be a writ of right, yet the restrictions thrown about it by statute in many jurisdictions, by the security that is required to be given, and other preliminary steps that are necessary to be taken, must in effect operate at times as a denial of the writ.

In our practice, no security being required as a prerequisite to the issuing of the writ, and no stay or supersedeas of execution being effected by its issuing, we have no statute regulating or expediting the practice in the assignment of errors, and it is believed, also, no well settled rules in regard to the matter.

In some counties, the practice has been to assign and file the errors relied upon, at the time of procuring the writ of error, and have them inserted in the scire facias, which is made returnable at the same term with the writ of error. In other counties, the errors have not been assigned till after the return of the writ of error and the filing of the transcript from the court below; yet in this case, also, the errors have been inserted in the scire facias. In both instances the scire facias operates as notice to the defendant in error, not only of the pendency of the writ of error and of the time that the errors will be heard, but also of the errors themselves, which have been assigned.

The writ of scire facias, which is used in our practice, does not, under the English practice, and wherever that is strictly followed, embrace the errors assigned. 2 Crompton's Prac. 340. And with us, too, we believe that such has sometimes been the case, and that the errors have not been included in the scire facias. But after giving the matter considerable attention, and endeavoring to satisfy ourselves as to what the practice should be, we think it would be more conformable to other judicial proceedings in this State to require that the errors be assigned at the time of the issuing of the writ of scire facias, and that they be in-

Rochester v. Roberts.

serted in the scire facias. By analogy also to other suits, it would seem to be the better practice that whenever there is sufficient time between the issuing and return day of the writ of error, to notify the defendant in error of the proceedings, that the errors should be filed and the scire facias be issued, returnable at the same term that the writ of error itself is.

By the English practice, a writ of error issues out of chancery, and is in the nature of a commission to the judges of the court to which it is returnable, by which they are authorized to examine the record upon which judgment has been given, and on such examination to affirm or reverse the same, according to law. 1 Str. 607; 2 Ld. Raym. 1403; 2 Bac. Abr. 187; 2 Tidd's Prac. 1051; and there also error lies to different courts. 2 Bac. Abr. 211, 215.

To obtain a writ of error, application must be made to the cursitor of the county, (who is an officer or clerk belonging to chancery, and having specific duties,) where the venue was laid in the original action. The cursitor will make out the writ in ordinary cases, as a matter of course, upon a *præcipe* or note of instructions, containing the names of the parties, the nature of the judgment, the court wherein it was given, and the time when the writ is intended to be returnable. 2 Tidd's Prac. 1065. And this practice of the issuing of the writ from chancery, prevails in some of our States. 1 Spencer's (N. J.) Rep. 495.

In this State the superior court alone has jurisdiction of writs of error. Rev. Stat. chap. 171 § 3. They are procured by simply applying to the clerk of the superior court of the county where the judgment was rendered, who will issue the writ, as a matter of course, on such application no preliminary steps being requisite. The writ is directed to the chief justice of the court, whose record is to be examined, which is ordinarily that of the common pleas, setting forth that it is represented that error has been committed in a certain judgment, describing it, and commanding

him to return the record thereof, and all things appertaining thereto, to the superior court, duly certified, &c.

A writ of error may issue to correct a judgment in the superior court itself.

It is improper to insert an assignment of errors in a writ of error. *Pierce* v. *Adams*, 8 Mass. Rep. 383.

The writ bears teste of the chief justice of the superior court, and is signed by the clerk of the same, and should be made returnable at the next succeeding term. If, as before stated, there is time properly to notify the defendant in error of the proceedings, a *scire facias ad audiendum errores*, should also be procured, returnable at the same term. Of course, the assignment of errors should then be filed, and be inserted in the scire facias, as we have stated the practice should be. More expedition is thus effected, and consequently an earlier decision of the case is had.

It is said to be irregular to serve an assignment of errors before one is filed, and that if it be done, the subsequent proceedings will be set aside, on motion. *Lyme* v. *Ward*, 1 Comstock's Rep. 531.

The scire facias should be served fourteen days before the term of the court to which the writ is returnable. Rev. Stat. chap. 183 § 1, 2. And if that cannot be done, the issuing of the scire facias may as well be delayed till the writ of error is returned. In all ordinary cases, however, it no doubt can be seasonably issued, and should be. There may perhaps be cases where it cannot be, as where the writ of error is issued but a few days before its return, to avoid the statute of limitations. In case the scire facias is not issued until the writ of error is returned, an order may be made for the service of the scire facias during the term, provided there is time, and of course it will be made returnable accordingly.

The scire facias is issued by the clerk of the superior court of the county, bearing teste of the chief justice, and is directed to the sheriff of the county, commanding him to

make known to the defendant in error the pendency of the writ of error, and requiring him to appear, to hear the record, &c. In the ordinary forms, it recites that the record is before the court issuing the scire facias; but this is not so in point of fact when the scire facias issues before the return of the writ of error. Whenever, then, the errors shall be assigned, and the scire facias be issued at the same time with the issuing of the writ of error, the form should be changed accordingly, and instead of saying that the record is before the court, simply say that it has been directed to be brought before the court, &c. Such a change will remedy all apparent inconsistencies.

On examining the writ of error and scire facias in this case, we find that they both bear date August 7th, 1851, and are made returnable at the succeeding December term. Of course there was ample time to have assigned and filed errors, and served the scire facias; and according to the views which we have expressed, this should have been done. But as we have no statute or written rule upon the subject, and, as we conceive, hitherto no fixed practice in regard to the matter, we are not inclined to visit these plaintiffs with a new ruling that would deprive them of their rights upon the merits, if they have any, since were this writ dismissed, the statute of limitations would probably operate to bar them from bringing another. If the errors have not been seasonably assigned, it has been through a misunderstanding of the practice; and a default accidentally incurred in not assigning errors, will be set aside. *Van Alstine* v. *Brown*, 1 Cowen's Rep. 45. In Connecticut, an assignment of errors has been allowed upon terms, even after the cause had been argued on error. *Bissell* v. *Spencer*, 8 Conn. Rep. 504.

It is unnecessary to say what our decision would hereafter be, should a similar motion be made, founded upon like facts.

The second ground for dismissing this writ is, that the writ has never been served upon the chief justice of the

common pleas, and that consequently there has been no return of the record of the common pleas to this court.

In the eye of the law, the record itself is to be returned, but in practice, a transcript only is sent up. 2 Salkeld 565; 2 Stra. 837; 3 Johns. Rep. 443. But this, it is said, is not produced in this case, and that no return whatever has been made by the common pleas; and so far as the papers appear, this is true. There is before us no transcript of the record from the common pleas, and no return made to the writ of error, either by the clerk or any judge of the common pleas.

It will be borne in mind, however, that the clerk of the common pleas stated to this court, that he had not made any transcript of the record, or caused any return to be made to the writ of error, because the defendant in error had failed to file his papers in the court below, so as to enable the clerk to make up any record.

According to the practice in the king's bench, if the writ be for error in the common pleas, it is usual for the chief justice to sign the return; but it is said that this is not absolutely necessary, and that the king's bench will not stay the proceedings for want of his signature. 2 Tidd's Prac. 1092, note; Barnes' Prac. 201; 1 Siderfin's Rep. 268. If the writ of error be brought in Parliament, on a judgment in the king's bench, the chief justice goes in person, attended by the clerk of the errors, to the House of Lords, with the record itself, and a transcript, which is examined and left there. 2 Tidd's Prac. 1092.

In New York, the writ of error is returned by the clerk of the court to which the writ is directed, under the seal thereof. 2 N. Y. Rev. Stat. 599 § 4. And if the plaintiff in error neglect, after being ruled, to have the writ returned, his default may be recorded and judgment of *non pros.* entered up against him. Graham's Prac. 786. A transcript of the record must be returned. *Chamberlain* v. *Morey*, 19 Wendell's Rep. 350.

In Maryland, a transcript of the record, certified under the hand of the clerk and seal of the court, with the writ of error annexed, is a legal and sufficient return of the writ. *State* v. *Buchanan*, 5 Harris & Johns. Rep. 317.

So also in New Jersey. *Stevens* v. *Chetwood*, 2 Harrison's Rep. 353.

In Massachusetts, it is said that the writ, with the transcript of the record of the suit therein named, annexed, and with a written return indorsed thereon by the judge, under his seal, is by him returned to the clerk's office of the supreme court, at the specified time. Howe's Prac. 479.

In Maine, it is held that the regular authentication of the record, under the hand of the judge and seal of the court below, cannot be dispensed with, even by consent of parties. *Jewett* v. *Hodgdon*, 2 Greenl. Rep. 335.

With us, it is believed that, with respect to the return to be made to the writ, the practice has been uniform. The writ of error is delivered to the clerk of the common pleas, who thereupon makes out a transcript of the record and also a return upon the writ of error, with a seal affixed, and produces them to the chief justice of the common pleas, who signs the certificate of return, and the writ and transcript are then sent to this court. And this practice we think is correct, and should be adhered to.

With regard to the transcript, it is the duty of the plaintiff in error to cause it to be made, for the defendant in error cannot transcribe the record. 1 Willson's Rep. 35. And if the record be not certified by the time that the writ is returnable, the defendant in error may, according to the English practice, give the plaintiff a rule to certify, which is an eight day rule; and if, after service of the rule, it be not complied with, the defendant in error will be entitled to a judgment of *non pros.* 2 Cromp. Prac. 355; 3 Salk. 146; 2 Tidd's Prac. 1093.

But the transcript is made by the clerk, and in order to enable him to make it, the defendant in error should leave

with the clerk the record or papers used in the case. 2 Tidd's Prac. 1091. And if the defendant in error, who has succeeded in the court below, withholds the judgment roll, which he makes under the English practice, or retains or neglects to file the necessary papers upon which the clerk, in our practice, makes up the record, he should not be permitted to take advantage of his act, and thereby defeat a writ of error.

In *Yates* v. *Lansing*, 5 Johns. Rep. 367, it was said that if a party wishes to bring a writ of error on a judgment against him, the court below will grant a rule that the opposite side make up the record in eight days, or that the applicant have leave to do it for him.

In *Manhattan Co.* v. *Osgood*, 1 Cowen's Rep. 65, it was decided that even after a delay of several years a court will, on motion, direct a bill of exceptions, which had been taken, but not filed nor attached to the record, to be so filed and attached, for the purpose of enabling the party to bring error.

In *Mitchell* v. *Russell*, 3 Stewart's Rep. 53, it was held that if the prosecution of a writ of error is prevented by the defendant in error, his motion for affirmance of the judgment will be denied, and the plaintiff allowed to dismiss his writ and prosecute a new one. To the same effect are *United States* v. *Haden*, 5 Porter's Rep. 533; and *Roebuck* v. *Duprey*, 2 Ala. 352.

And in *Ferris* v. *Douglass*, 20 Wendell's Rep. 626, where a writ was issued without the allowance of the court, (an allowance in New York being necessary,) and a motion was made to quash it, an allowance *nunc pro tunc* was ordered, to bar the statute of limitations.

The writ in the case under consideration was issued just before the expiration of the statutory time in which it could have been brought. Regularly, the plaintiff in error, before bringing his writ, should have seasonably moved the court below for a rule upon the defendant in error to file his papers so that the record could have been made perfect. It was

not his duty, however, in the first instance to see that the record was completed, and it is quite probable that he was not aware that it was incomplete, until it was too late to make the motion before the expiration of the statutory time. Regularly, also, the clerk of the common pleas should have made a transcript of whatever of record he had, and if upon inspection it should be found to be so defective as to prevent this court from considering the case understandingly, the plaintiff in error could have alleged a diminution of the record, and had a certiorari to the common pleas to perfect it. 2 Bac. Abr. 204; 2 Tidd's Prac. 1103; 2 Crompton's Prac. 359; *Chatham* v. *Tillotson*, 4 Johns. Rep. 499.

Neither of these courses has been pursued; still the peculiar situation of the case must be regarded as more particularly the fault of the defendant in error than of the plaintiffs, since had the defendant done his duty and filed his papers, the difficulty would not have arisen.

We take the uncontradicted statement of the clerk as showing the true state of the matter, and as equivalent to sworn evidence of the facts; and upon that statement, and the current of authorities, we think that the plaintiffs in error should have leave to file a transcript, and have a return made to the writ *nunc pro tunc*. If, upon the return and transcript being made, the record shall appear to be so defective that the plaintiffs cannot safely proceed, then they may allege diminution, and take a certiorari to the common pleas, and also obtain such rules in the common pleas as shall complete the record. If any amendment to the record is necessary to be made, it must be done in the court below, after error brought. *Rowell* v. *Bruce*, 5 N. H. Rep. 381.

If, however, sufficient shall appear upon the transcript to enable the court to pronounce upon the errors assigned, a certiorari will not be necessary, since judgment may be rendered though the papers and pleadings may be deficient. *Martin* v. *McFadin*, 4 Little's Rep. 240; *Tuberville* v. *Long*, 3 Harris & McHenry's Rep. 309.

The third ground for dismissing the writ is alleged to be because there is not upon the files or records of the court of common pleas, any such declaration between these parties as is set forth in the writ of error; and that this appears from the motion of the plaintiffs in error for leave to amend their writ.

But we have not before us the record of the common pleas, nor any transcript of it, and nothing from which to judge what that record is. If, however, the facts be as stated, that the plaintiffs in error, in undertaking to set forth in their writ the declaration in the original action, have omitted to insert one of the many counts contained therein, the motion to amend would be granted, and consequently the motion to dismiss, on this ground, overruled; as it seems to be well settled, both in England and in this country, that an amendment of the kind is perfectly allowable.

By the statute of 5 George I, chap. 13, it is enacted that all writs of error, wherein there shall be any variance from the original record, or other defect, may and shall be amended and made agreeable to such record, by the respective courts where such writ or writs of error shall be made returnable. In the case of *Gardner* v. *Merrate*, 2 Strange 863, there was a variance between the writ of error and the record; and as it stood in the paper the court observed it, but neither party would move to amend it, for fear of paying costs. Upon which the court said that the statute would warrant their amending it, which they did without costs. This case is also found stated in 2 Crompton 382.

The principles of this statute of George I are pretty generally in force in the American courts.

But aside from that statute, and the practice under it, our own statute is undoubtedly broad enough to allow of the amendment. Rev. Stat. ch. 186 § 10.

The last ground for dismissing the writ is substantially settled by the decision of the objection just disposed of. The writ being amendable and amended, the exception that

there is a variance between the scire facias and the writ of error, fails. It is not pretended that the scire facias is incorrect, but only the writ. The writ is within the control of the court, and being amended, corresponds with the scire facias.

This disposes of all the grounds upon which the motion to dismiss the writ is founded; and the result is, that the motion to dismiss must be overruled, and the motion to amend be granted.