The Court

said they had considered this case, and were all satisfied. that the declaration should not have been amended in this manner.
The writ of error is a commission to this Court, to examine the record of a judgment in an inferior court, and thereupon to reverse or affirm such judgment, according to law. We can only examine that record, as it is certified to us, and determine whether it *255 warrants the judgment rendered by the other court If any alteration is made in it here, it is no longer the same record, which alone we have authority to examine.
The amendment of records, mentioned in the books, after error brought, is made by the court from which the record is sent. Clerical mistakes and errors, are frequently so amended, when sulistantial justice requires it, and when there is any thing on the record by which to amend; in which case the plaintiff in error is usually entitled to the costs of the writ of error, if he proceeds no farther. On a trial, a few years ago, in this Court, a verdict was rendered for the plaintiff for a sum greater than the damages demanded in his writ. The error was not perceived, and no remittitur of the excess was entered at the time. Afterwards, and after a writ of error brought for this cause, this Court, being the same in which the judgment complained of was rendered, permitted an amendment of the record by the original plaintiff’s entering a remittitur. If the original judgment in that case had been in the Court of Common Pleas, they might, in their discretion, have allowed the same amendment.
The authorities cited for the defendant go to show that * such an amendment as the present ought not to [ * 253 ] be allowed, even by the court which has authority ; as it is in a material point, and would vary the issue or point to be tried, (a) But it is unnecessary to consider the question, as it is clear that, this Court has no authority to make any amendment or alteration in the record which is certified to us. (b)
The new counts filed in this Court must be struck out; and at the request of the plaintiff in error, the award of a venire de novo is vacated.
ADDITIONAL NOTE.
[As to amendment of records, see Davis vs. Ballard, 7 Monr. 604. — 2 Penns. 1012. — The State vs. Cherrey, 2 Dev. 550. — Patton vs. Massey, 2 Hill, 475. — Dowey vs. Teneyck, 2 Penns. 1023. — Bank, &c., vs. Ridgley, 1 Har. & G. 324. — Doe vs. Owen, 2 Black. 452. — Allen vs. Addington, 12 Wend. 215.
In case of.a process against A and B, which is served against A only, the plead ings being only against him, and the verdict and judgment against both; the judgment may be amended at a subsequent term, by striking out the name of B. — Hartomer vs. M'Connell, 2 Ham. 32.
Where a declaration set forth, by mistake, a demand for 12 dollars, instead of 1200 dollars, and the plaintiff in the court below recovered nearly 1200 dollars, and the *256 defendant appealed, but failed to enter his appeal; upon the plaintiff’s complaint fol affirmation of judgment, held, he could not be allowed to amend the record by inserting the word hundred. — Varnum vs. Bissell, 14 Pick. 191.
After the lapse of a reasonable time, judicial proceedings cannot be amended.— Fowble vs. Rayberrg, 4 Ham. 45. —A general judgment cannot be amended into a special one; nor a final judgment (except in matter of form) at a subsequent term. — Green vs. Dodge, 3 Ham. 486. — Botkin vs. Commissioners, 1 Ham. 375. — Nor is any error, except a mere clerical misprision, amendable after the end of the term.— Hall vs. Williams, 1 Fairf. 278. — And see Freeland vs. Field, 6 Call, 12. — State vs. Calhoon, 1 Dev. & B. 374.
But where, in 1817, judgment was entered on a wrong count, the plaintiff had leave to amend the record in 1827, saving the rights of third persons, acquired under the judgment.— Chamberlain vs. Crane, 4 N. H. 115.
An erroneous decree, on which money has been paid, cannot be so amended as to make the party paying again liable. — Hasler, 5 Watts, 176.
The entry of a defendant’s name in a judgment cannot be amended, to the prejudice of a subsequent purchaser or incumbrancer. — Zimmerman vs. Briggans, 5 Watts, 186. — 4 N. H. 115.
A record may be amended by memoranda in possession of the clerk. — Bradley vs. Baldwin, 5 Conn. 288.— See State vs. Upton, 1 Dev. 513.— So, on appeal from a justice, by the transcript. — Smith vs. Boyer, 2 Watts, 173.
Where a record is removed to a superior court, this Court may allow an amendment. But a writ of error does not remove the record. And where a record is to be amended after a writ of error brought, it must be done in the court below. — Rowell vs Bruce, 5 N. H. 381.
Where a writ of error is brought, partly on the ground that the amount of the judgment exceeds the amount declared for; the court may allow an amendment of the judgment by a remittitur of such excess. — Hubert vs. Hardenberg, 5 Halst. 222.
After return of a certiorari, removing an indictment, the court will allow a rule tc return the record to the court whence it was removed, in order to amend the caption.
— The State vs. Jones, 4 Halst. 2. — See 4 Halst. 357.
A judgment will not be reversed, because the names of the parties are transposed in the commencement of the declaration, if there is any thing in the record to amend by
Drummond vs. Wright, 1 Ala. (N. S.) 205. — F. H.]

 [But see Stanwood vs. Scovil, 4 Pick. 422.— Williams vs. Hingham and Quincy Turnpike Corporation, 4 Pick. 341, and the cases there cited. — Ed.]

 [The authorities seem to be otherwise. After error brought in the King's Bench on a judgment of the Common Pleas, the amendment may be made in the former court, (Poph. 102.—8 Co. 162, a. — 2 Roll. R. 471. — 3 M. & S. 591.—2 Tidd, 8th ed. p. 770, 771,) or in the court below, (Poph. 102. — Hard. 505. — 1 Marsh. 180, 382. — 5 Taunt. 820. — Tidd, ubi sup.) —Ed.]