## John H. Converse *vs.* Damariscotta Bank.

If a writ be directed to and served by a constable, wherein the damage demanded exceeds one hundred dollars, the writ may be amended by reducing the *ad damnum* to that amount.

The teste of a writ is matter of form, and is amendable.

EXCEPTIONS from the Court of Common Pleas, REDINGTON J. presiding.

The *ad damnum* in the writ exceeded one hundred dollars, and the service was made by a constable. The writ was not tested by one of the Judges in office at the time it was issued, but instead thereof was the name of *Judge Smith*, having then recently resign-

ed. For both these causes the defendants seasonably filed their plea in abatement. The plaintiff moved to amend his writ by reducing the *ad damnum* to one hundred dollars, and by inserting the name of a Judge of the Court in office at the time, in the place of the name of *Judge Smith.* The Judge granted leave to amend in both particulars, and the defendants excepted.

*Rundlett,* for the defendants, argued, that the Court had no power to permit the amendment reducing the *ad damnum.* The constable then had no authority to serve the writ ; and on the face of it, there was no service, or what is the same, no legal one, as the acts of the constable were merely void. *Gordan* v. *Pierce,* 2 *Fairf.* 213 ; *Hart* v. *Huckins,* 5 *Mass. R.* 260 ; *Same,* 6 *Mass. R.* 399 ; *Brier* v. *Woodbury,* 1 *Pick.* 366 ; *Wood* v. *Ross,* 11 *Mass. R.* 271 ; *Briggs* v. *Strange,* 17 *Mass. R.* 405 ; *Hearsey* v. *Bradbury,* 9 *Mass. R.* 95 ; *Lawrence* v. *Smith,* 5 *Mass. R.* 362 ; *Tingley* v. *Bateman,* 10 *Mass. R.* 343 ; *Jacobs* v. *Mellen,* 14 *Mass. R.* 132.

The teste of the writ is not amendable, being an original writ. Judicial writs are amendable, when original ones are not. 1 *Shower,* 80 ; 1 *Wils.* 91 ; *Ripley* v. *Warren,* 2 *Pick.* 592 ; *Campbell* v. *Stiles,* 9 *Mass. R.* 217 ; *Hall* v. *Wolcott,* 10 *Pick.* 218 ; *Young* v. *Hosmer,* 11 *Mass. R.* 89 ; *Sawyer* v. *Baker,* 3 *Greenl.* 29 ; *Bailey* v. *Smith,* 3 *Fairf.* 196 ; *Clapp* v. *Balch,* 3 *Greenl.* 216 ; *Whiting* v. *Hollister,* 2 *Mass. R.* 102.

*F. Allen,* for the plaintiff.

The *ad damnum* may be amended. *Danielson* v. *Andrews,* 1 *Pick.* 156 ; *Blood* v. *Harrington,* 8 *Pick.* 552 ; *McLellan* v. *Crofton,* 6 *Greenl.* 307. And so may the teste of the writ. *Ripley* v. *Warren,* 2 *Pick.* 592 ; *Howe's Pr.* 362.

The opinion of the Court was afterwards drawn up by

WESTON C. J. — As the writ originally stood, it would not justify the service, but by amending it, so as to reduce the *ad damnum* below one hundred dollars, the service might be justified ; and we are of opinion the Judge might allow that amendment. It has been decided that the *ad damnum* is amendable. *McLellan* v. *Crofton,* 6 *Greenl.* 307. It has been determined, that a constable has no authority to serve process in a civil action, unless it is direct-

ed to him.  *Wood* v. *Ross*, 11 *Mass. R.* 271 ; *Brier* v. *Wood-bury & al.* 1 *Pick.* 362.   Yet it has been decided, that where a constable had served a writ, not directed to him, the writ might be amended, by inserting such direction, by which the service would be made good.  *Hearsey* v. *Bradbury*, 9 *Mass. R.* 95.   There is no reason, which could justify the amendment in that case, which does not apply with equal force to this.

As to the teste, there is undoubtedly a distinction between original and judicial writs, the latter being more perfectly under the control of the Court, than the former.   Hence in judicial writs, amendments have been allowed, which in original writs would have been refused.   Yet it is the uniform practice of the Courts to allow the latter to be amended, in matters of mere form.   And indeed this is expressly required by law.   *Statute* of 1821, *c.* 59, § 16. The seal of the Court, which gives solemnity and authenticity to its process, has been held to be matter of substance.  *Bailey* v. *Smith*, 3 *Fairf.* 196.   And the indorsement of a writ, which is for the security of the defendant, cannot be regarded as a matter of form.   But the teste of a writ, in the name of a Justice of the Court, we do hold to be a matter of mere form.   In *Ripley* v. *Warren*, 2 *Pick.* 592, *Parker C. J.* says, " nothing can be more precisely mere matter of form, than the teste of a writ.   We all know that in practice, it is considered wholly insignificant."   And this the Court in *Massachusetts* felt constrained to regard it, although the requirement as to the teste formed a part of their constitution.   It was not here held of quite enough importance, to be inserted in our own.   We are entirely satisfied, that the amendment was within the discretion of the Judge.

*Exceptions overruled.*