GEORGE HOBBS, Plaintiff in Error, *versus* JOHN STAPLES, JR.

The judgment in an action for a penalty given by statute is erroneous, if it do not state the offence to have been incurred against the form of the statute.

A judgment conclusive upon the rights of the parties and from which there is no appeal but by error, is considered a final judgment.

Statute c. 121, § 45, gives no authority for the Court to make an amendment of the record of another Court, brought before it by writ of error.

ERROR, to reverse the judgment of a justice of the peace, in an action of debt, brought to recover the penalty given by statute for non-attendance at a company training.

One error assigned was, that the declaration did not allege the penalty to have been incurred against the form of the statute.

A motion was made at the argument, by the counsel for the defendant in error, to amend by inserting "against the form of the statute."

*Bourne,* for the plaintiff in error, cited *Peabody* v. *Hayt,* 10 Mass. R. 36 ; *Heald* v. *Weston,* 2 Greenl. 348.

*N. D. Appleton,* for the defendant in error, in support of his motion to amend, cited 6 Dane's Abr. 278 ; St. of Maine, c. 178, § 6 ; *Baxter* v. *Rice,* 21 Pick. 197 ; *Cheetham* v. *Tillotson,* 4 Johns. 499.

If judgment were to be reversed, there would be a trial at the bar of this Court, when amendments might be made. *Cutter* v. *Tole,* 2 Greenl. 181 ; *Avery* v. *Butters,* 9 Greenl. 16 ; *Same* v. *Same,* 2 Fairf. 405 ; *Hill* v. *Fuller,* 14 Maine R. 121 ; *Winslow* v. *Prince,* 5 Greenl. 264.

He also objected that the statement of facts sent up by the justice, was dated long after judgment was rendered. *Howard* v. *Folger,* 15 Maine R. 447.

The opinion of the Court was delivered by

SHEPLEY J. — The declaration does not allege the penalty to have been incurred contrary to the form of the statute. The judgment was therefore erroneous. *Heald* v. *Weston,* 2 Greenl. 348.

The defendant's counsel moves to amend the declaration; and relies upon the provisions of the statute, c. 121, § 45, and the case of *Cheetham* v. *Tillotson*, 4 Johns. 499. The provision of the statute is, that it shall be lawful " to amend his writ or complaint in any stage of the process before the rendition of final judgment therein." A judgment conclusive upon the rights of the parties and from which there is no appeal but by error, is considered a final judgment. According to the English practice a judgment is not considered complete and final when the proper officer has marked the postea for judgment, but when the prothonotary's allocation of costs has been completed by the insertion of the amount in the record. *Blackburn* v. *Kymer*, 5 Taunt. 672; *Butler* v. *Bulkeley*, 1 Bing. 233. In *Wray* v. *Lister*, 2 Stra. 1110, it was decided, that an amendment could not be allowed after final judgment and error brought. And in *Hutchinson* v. *Crossen*, 10 Mass. R. 251, that court decided, that it had no authority to make an amendment of the record of another court brought before it by writ of error. The statute commented upon in *Cheetham* v. *Tillotson*, differs from the statutes of Massachusetts and Maine on the same subject. It provided for amendments by the judges, "where such judgments are or shall be given, or whereunto the record is or shall be removed by writ of error.

This court only can decide upon the record as it is presented by the writ of error. It is not necessary to decide upon the other errors assigned.

*Judgment reversed.*