GEORGE B. STARBIRD, (*in error*,) *versus* JAMES EATON.

The purpose of a writ of error is to enable the law Court to examine the record in a suit, and thereupon to reverse or affirm the judgment rendered therein.

When the error is one of law, the Court can act upon nothing but the transcript of the record.

Papers presented to a common law Court, and acted on as evidence, constitute no part of the record.

A note, upon which judgment is rendered in an action, cannot be considered by the Court on a writ of error, any more than a deposition or other evidence introduced in support of the action.

When the judgment is for a greater sum than the *ad damnum* in the writ, the error may be cured by a *remittitur* on the record at a subsequent term.

A judgment will not be reversed on a writ of error for a mistake in casting interest. The remedy for such error is by petition for review.

A plaintiff in error, who allowed judgment, by default, to be rendered against him in the original suit, cannot have that judgment reversed by writ of error, upon the ground that the notes on which the judgment was based, were fraudulently attested after having been delivered by the maker to the payee. Having neglected to interpose, at the proper time, what might have constituted a good defence, his remedy, if any he has, is by review.

At common law, the joinder of errors of law and fact was not permitted; but such joinder is now authorized in this State by the Act of April 22, 1852, c. 269, § 3.

On Exceptions from *Nisi Prius*, Appleton, J., presiding.

Writ of Error to reverse a judgment recovered by the defendant against the plaintiff in error, at the April term, 1855.

The plaintiff alleged five several errors, or assigned that number of grounds of error, in the proceedings; to all which the defendant pleaded there was no error. The exceptions to the judgment chiefly relied on were :—

1. That six months interest upon a note was included in the judgment which was not declared for in the writ.

2. That the purported attestation of the note was a forgery.

The presiding Judge, after examining the record, and all matters pertaining to the case, ruled that there was no error. To which ruling the plaintiff excepted.

*Joshua Hill*, for plaintiff in error.

By the pleadings in this case, the facts assigned for error are admitted. The plea has the effect of a demurrer. Story's Pleadings, 371.

The original action was defaulted. There was no appearance. If the plaintiff in error has any remedy, or ever had, he has it in this form of proceeding. *Jewell* v. *Brown*, 33 Maine, 250; *Barnett* v. *The State*, 36 Maine, 200.

The first exception to the original judgment in the assignment of errors, is, that the judgment does not follow the declaration. The plaintiff cannot have judgment for more than he declares for. Six months interest upon a note, supposed to be declared upon in the last count in the writ, is made up and included in the judgment, when in fact interest is not declared for. *Storer* v. *White*, 7 Mass. 448.

The other error alleged is, that the signature of the attesting witness is a forgery. This is as material an alteration of the note as a forgery of the signature of the signer. It is a fraud, which corrupts the whole judgment, which should therefore be reversed *in toto*.

In *Jewell* v. *Brown*, 33 Maine, the Court say, if from fraud, accident or mistake, an erroneous judgment is entered, the whole may be reversed on error.

*E. A. Harding*, for defendant.

APPLETON, J.— The plaintiff in error, being duly summoned, was defaulted in the original action, the judgment in which he now seeks to reverse.

It is objected, that the notes upon which judgment was rendered, do not correspond with those set forth in the declaration. The purpose of a writ of error, is to enable the Justices of this Court to examine the record upon which a judgment has been rendered in this or in an inferior Court, and, on such examination, to affirm or reverse the adjudication. The Court will not take notice of a note described in the assignment of errors, as filed in the case, any more than a deposition or other proof offered to sustain the declaration. *Storer* v. *White*, 7 Mass. 448. The papers presented to a common law Court, and acted upon as evidence, are no part of the record. *Kirby* v. *Wood*, 16 Maine, 81. When the error is one of law, there is nothing upon which the Court can act except the transcript of the record. *Valentine* v. *Norton*, 30 Maine, 194.

There may have been a miscalculation of interest. When the judgment is for a sum greater than the *ad damnum*, it may be erroneous; but the error may be cured by a *remittitur* of the excess entered at a subsequent term. *Hemenway* v. *Hicks*, 4 Pick. 497. In the case before us, the sum for which judgment was rendered does not exceed the *ad damnum*. The Court will not reverse a judgment for a mistake in casting interest. *Whitwell* v. *Atkinson*, 6 Mass. 272. The remedy in such case is by petition for review.

The common law did not permit the joinder of errors of law and of fact in the same process. That is now allowed by an Act approved April 22, 1852, c. 269, § 3.

The plaintiff in error, seeks to reverse the judgment rendered against him, on the ground that the notes in suit in the original action had been fraudulently attested, after they had passed from the hands of the maker, and were in those of the payee.

But if there be a fraudulent attestation of the notes in suit, or of any of them, in the judgment sought to be reversed, the

party injured cannot take advantage thereof by writ of error. If the fact be as alleged, it might have furnished a good defence to the original action; but in that, having been duly summoned, the plaintiff in error submitted to a default. Neglecting at the proper time to interpose what might have constituted a defence, he cannot now reverse the judgment rendered against him for error. He might as well seek to reverse it by this process, because there may have been an original failure of consideration, or a subsequent payment of the notes, for the recovery of which the original action was brought. The remedy of the party aggrieved, if any, is by petition for a review.                    *Exceptions overruled.*

TENNEY, C. J., and RICE, HATHAWAY, GOODENOW and CUTTING, J. J., concurred.