DAVID B. BOLSTER *vs.* INHABITANTS OF CHINA, appellants.

Kennebec.    Decided May 31, 1877.

*Amendment.*

The power to grant amendments upon terms which are left to the unlimited discretion of the presiding justice is equivalent to a power to grant any amendment that is by law allowable without imposing any terms, if in his opinion justice does not require that he should impose any. And the exercise of his discretion in so doing will not be revised by this court on exceptions.

As to the imposition of terms upon the allowance of amendments, the whole matter is committed by the statute and rules of court to the discretion of the presiding justice, except in cases of demurrer, when his discretion is controlled by R. S., c. 82, § 19.

The original declaration in favor of the physician against the town was on account annexed for attendance upon S. H., pauper of said town. After an appeal from the judgment of the trial justice to this court, the presiding judge allowed an amendment by inserting a count under R. S., c. 24, § 32, without terms. *Held*, that the amendment was legally allowable and that the presiding judge had the power to allow it without terms. R. S., c. 82, § 9. *Reg. Gen. V.*

ON EXCEPTIONS.

ASSUMPSIT originally before a trial justice, on account annexed, for medical attendance, $16.50 "being for his professional services as a physician, and taking care of, attending and furnishing to Seth Hallowell, pauper of said town of China," etc.

The judgment before the trial justice was for the plaintiff; and the defendants appealed.

At the trial in this court the plaintiff moved to amend by inserting a count, under R. S., c. 24, § 32, as follows:

"Also for that one Seth Hallowell at said China, to wit, at said Augusta, in the county of Kennebec aforesaid, on the 27th day of April, A. D. 1873, a pauper, had his legal settlement in said

China, and fell into distress and stood in need of immediate relief and medical attendance and medicine, of which the selectmen and overseers of the poor of said town were then and there duly notified and requested to provide for said pauper and to pay the expense of necessary nursing, medical attendance and medicine; and the said medical attendance and medicine in the account annexed were then and there necessary for the immediate relief and comfort of said Hallowell. And the said plaintiff then and there, at the instance and upon notice to the selectmen and overseers as aforesaid, rendered his professional services as a physician and furnished necessary medicine to said Hallowell, for which services and medicine sixteen and 50-100 dollars is a reasonable compensation. Whereby said town became liable and in consideration thereof then and there promised the plaintiff to pay him the same on demand."

The judge ruled as matter of law that the amendment could be allowed without terms and it was so made. To which ruling the defendants alleged exceptions.

*W. S. Choate*, for the defendants, cited authorities under various positions taken. *Rowell* v. *Small*, 30 Maine, 30. Rules of Court, V. *Maberry* v. *Morse*, 43 Maine, 176. *State* v. *Folsom*, 26 Maine, 209. *Rand* v. *Webber*, 64 Maine, 191. *Matthews* v. *Blossom*, 15 Maine, 400. *Frye* v. *Atlantic & St. Lawrence*, 47 Maine, 523.

*O. D. Baker*, for the plaintiff.

The amendment was rightly allowed. R. S., c. 82, § 9. *Brewer* v. *East Machias*, 27 Maine, 489. *Solon* v. *Perry*, 54 Maine, 493.

Where a court has power to allow an amendment upon terms in their discretion, that includes the power to say what terms, and when they have passed upon the terms, even if they say there shall be no costs, it is not reviewable.

The amendment, we say, was of form; but if of substance the ruling was right.

BARROWS, J. The amendment sets out with somewhat more

formality the grounds of a claim, the nature and amount of which were distinctly made known to the defendants by the writ as it was originally made. Its allowance was clearly within the power of the presiding judge as defined by our statutes, rules of court, and decisions respecting amendments. *Brewer* v. *East Machias*, 27 Maine, 489. *Solon* v. *Perry*, 54 Maine, 493.

The burden of the defendants' complaint seems to be that the presiding judge ruled as matter of law that he had the power to allow it without imposing terms upon the plaintiff, and thereupon did so. The defendants say this is an infringement of Rule V (Reg. Gen.); that this amendment is matter of substance, and, if allowed, must be allowed only on special terms. But after all, the power which the presiding judge has in this particular under Rules IV and V, does not essentially differ from that conferred by R. S., c. 82, § 9, to grant amendments "when the person and case can be rightly understood . . . on motion of either party on such terms as the court orders."

Under this statute, it has been held that an amendment proposed after motion to dismiss filed may be allowed without terms. *Harvey* v. *Cutts*, 51 Maine, 604.

The whole matter is committed to the discretion of the presiding judge, and the power to allow amendments upon terms substantially includes a power to dispense with the terms if, in the opinion of the presiding judge, justice requires it.

There is no limit upon the judge's discretion as to terms. If the rule, literally construed, could be held to require the judge to impose special terms of some sort, it would be literally complied with by ordering the amending party to pay one cent, costs. But, *de minimis non curat lex*. The object of the rule is simply to call the judge's attention to the question, what, if any, terms shall be imposed, as liable to be affected by the character of the proposed amendment, and the progress the case has made. The exercise of his discretion will not be examined, on exceptions, by this court. Where a demurrer is sustained, the judge's discretion as to terms is controlled by R. S., c. 82, § 19. But there was no demurrer.                                    *Exceptions overruled.*

APPLETON, C. J., WALTON, DICKERSON, DANFORTH and PETERS, JJ., concurred.