DENNIS HARE, and another, *vs.* MARY A. DEAN.

Knox. Opinion May 29, 1897.

*Minors. Custody. Enticement. Pleading. Amendment. Costs. R. S., c. 82, §§ 10, 25; Stat. 1895. c. 43.*

By the statute of this State, Stat. of 1895, c. 43, it is provided that "fathers and mothers shall jointly have the care and custody of the person of their minor children." *Held;* that both parents of a minor are properly joined as plaintiffs in an action for enticing and persuading a minor child from their custody.

The criterion of the parents' right of action for a wrongful enticing and persuading their minor child from their custody is not the will of the child, but the will of its parents; and it is immaterial that, at the time of the wrongful act, the child was not actually a member of the parents' household, provided they had a right to recall her to their custody and service.

The defendant filed a general demurrer at the first term to the plaintiffs' writ and declaration which was duly joined and the demurrer was sustained. The plaintiffs then moved to amend their writ by inserting an ad damnum of one thousand dollars, none having been stated before, which amendment was allowed. The defendant excepted to the allowance of the amendment. After this amendment the defendant again filed a general demurrer to the declaration, which demurrer was joined and overruled. To this ruling the defendant excepted.

*Held;* that the proposed amendment by inserting the ad damnum, which had been inadvertently omitted, was clearly allowable.

The statute requiring payment of costs as a condition to the amendment of defective declarations (R. S., c. 82, § 25) does not apply to this case until after a decision of the defendant's exceptions by the law court. In contemplation of law, the plaintiffs have not amended their writ, and cannot do so until the exceptions are overruled, and it has been finally decided that the proposed amendment is allowable.

The right of the defendant to the costs named in the statute is postponed until the action comes on for trial, when they will be fully protected.

*Held;* that the objection that there is no definite averment of the time when, as the plaintiffs allege, the "defendant enticed and persuaded their said daughter to disobey her parents and remain with said defendant" is not open to the defendant on general demurrer. Such omission, it being matter of form, can only be taken advantage of on special demurrer.

ON EXCEPTIONS BY DEFENDANT.

*T. P. Pierce,* for plaintiffs.

*D. N. Mortland and M. A. Johnson,* for defendant.

Costs on demurrer: Counsel cited: *Colton* v. *Stanwood,* 67 Maine, 27; *State* v. *Peck,* 60 Maine, 498; *Maine Central Institute* v. *Haskell,* 71 Maine, 491; *Shorey* v. *Chandler,* 80 Maine, 409.

Right of action: *Gilley* v. *Gilley,* 79 Maine, 294; *Emery* v. *Gowen,* 4 Maine, 33.

Allegation of time: *Gilmore* v. *Mathews,* 67 Maine, 517; *Platt* v. *Jones,* 59 Maine, 232; *Cole* v. *Babcock,* 78 Maine, 41; *Gray* v. *Sidelinger,* 72 Maine, 114.

SITTING: PETERS, C. J., WALTON, EMERY, HASKELL, WHITEHOUSE, JJ.

WHITEHOUSE, J. This is an action on the case for enticing the plaintiff's daughter to leave their home and service. The case

comes to the law court on exceptions based on the following record, viz : "At the return term the defendant filed a general demurrer to the writ and declaration which was duly joined and the demurrer was sustained. Plaintiffs then moved to amend their writ by inserting an ad damnum of one thousand dollars at the end of their declaration where none had been inserted before, which amendment was allowed. To this allowance of the amendment the defendant excepted. After the amendment was made the defendant again filed a general demurrer to the declaration, which demurrer was joined and overruled. To this ruling the defendant excepts."

The proposed amendment of the writ by inserting the ad damnum, which had been inadvertently omitted, was clearly allowable. Rev. Stat. Ch. 82, § 10. In *McLellan* v. *Crofton*, 6 Maine, 307, such an amendment was allowed after verdict, and MELLEN, C. J., said "it would be a matter of regret if not reproach to our laws and to the administration of them if such a motion could not be sustained. We entertain no doubt on the point." So in *Cragin* v. *Warfield*, 13 Met. 215, a similar amendment was held allowable, the case of *McLellan* v. *Crofton*, supra, being cited as authority. The ruling of the presiding judge upon this point was undoubtedly correct.

The learned counsel for the defendant, however, interposes the further objection, in support of his exceptions, that there was no compliance with the statute requiring the payment of costs as the condition of an amendment when the declaration is adjudged defective on demurrer. R. S., Ch. 82, § 25. But the defendant took exceptions to the ruling of the court that the amendment was allowable, and it has not been determined, and will not be until this opinion is announced, that that ruling was correct. Pending the decision of that question, the amendment which may have been filed, and which is declared to have been "allowed," could not legally become a part of the writ and declaration. The statute says "the plaintiff may amend upon the payment of costs from the time when the demurrer was filed." But in contemplation of law, the plaintiffs in this case have not yet amended their writ. They

could not legally amend it until the exceptions were overruled, and it was finally declared that the amendment proposed was allowable. When that question has been determined in favor of the plaintiffs in this case, the declaration as amended has been adjudged sufficient and the case remanded for trial, the plaintiffs can then avail themselves of the benefit of the amendment which they have finally been allowed to make, upon payment of the costs named in the statute, and not otherwise. They could not reasonably be required to pay the costs until the amendment had been legally made; when so made the statute is imperative that the costs shall be paid. In such a case the recovery of costs by the defendant necessarily follows, whether specified in the order allowing the amendment or not, precisely as costs would follow the entry of a judgment for damages by the presiding justice in any civil action, though costs were not specified. Indeed, it is not probable that the defendant insisted upon the payment of costs pending the exceptions, and it does not appear that the question of costs was considered or suggested in any manner whatever. But the rights of the defendant will be fully protected when the action comes on for trial.

In support of the second general demurrer to the declaration as amended, the defendant insists that the declaration should still be adjudged defective, first because there is no definite averment of the time when, as the plaintiffs allege, the "defendant enticed and persuaded their said daughter to disobey her parents and remain with said defendant;" second, because the service of the daughter was not due to the plaintiffs jointly, but to the father alone; and finally because, if it was the intention of the pleader to charge that the defendant enticed and persuaded the plaintiffs' daughter and servant away from their service and employment, he has failed to set out in unambiguous terms, and in a precise and orderly manner, the facts requisite to constitute such a cause of action.

It is undoubtedly a general rule of pleading in personal actions that every traversable fact must be alleged to have taken place on some particular day. *Cole* v. *Babcock*, 78 Maine, 41. In the case at bar it is definitely alleged that the plaintiffs moved from the

defendant's house "on March 7, A. D. 1895," and inasmuch as the subsequent allegation that defendant "enticed and persuaded" the daughter to remain with her, has no necessary or logical connection with the intermediate clause, the specific date of March 7, might by relation be held applicable to the allegation of enticing and persuading. If not, it is alleged beyond question to have occurred after that date and within the statute of limitations. As the precise date would not be an essential element in the cause of action, it would not be a traversable fact in this case but a matter of form only, and, as such, the omission can only be taken advantage of on *special* demurrer. It is not open to the defendant on general demurrer. *Wellington* v. *Small*, 89 Maine, 154.

It is also the opinion of the court that the parents of the minor were properly joined as plaintiffs in the action. It is provided by section 1, of Chap. 43 of the public laws of 1895, that "fathers and mothers shall jointly have the care and custody of the person of their minor children." The act of "enticing and persuading" a child from the joint custody of its parents, is therefore an infringement of a joint right.

For the apparent purpose of giving a connected history of the relations of the parties to the minor in question, the pleader introduced several immaterial averments of what transpired between them after March 1895; but the principal allegation that "said defendant enticed and persuaded their said daughter to disobey her parents, and remain with said defendant, using every means in her power to so entice and persuade," construed in the light of the circumstances alleged to have existed at the time, would seem to state a cause of action. In Cooley on Torts (2d Ed.) page 270, the author says: "Whatever induces the child to leave the parent, or, after leaving to remain away from him, may in law constitute enticement; but to receive and shelter a child from parental abuse, may sometimes be a moral duty, and therefore justifiable. In New Hampshire it has been said that if one give protection and shelter to a child, with a view or intent of enabling or encouraging him to keep away from his father, . . . . this would be wrongful and actionable conduct;" citing *Sargent* v.

*Mathewson*, 38 N. H. 54.   To same effect see also *Butterfield* v. *Ashley*, 6 Cush. 249, and *Martin* v. *Payne*, 9 Johnson, 387.   The criterion of the parents' right of action is not the will of the child, but the will of the parents; and it is immaterial that at the time of the alleged wrongful act of the defendant the child was not actually a member of the parents' household, provided they had a right to recall her to their custody and service.   Cooley page 271–272 and cases cited; Bigelow on Torts, 291.

*Exceptions overruled.*