GEORGE A. ELLIOT, JR.
*vs.*
MAURICE N. SHERMAN

MARION CLAPP COLLIN
*vs.*
MAURICE N. SHERMAN

York.   Opinion, March 20, 1952.

*Waterhouse, Spencer & Carroll,* for plaintiff.

*Titcomb & Siddall,*
*Walter Tapley, Jr.,* for defendant.

SITTING: MURCHIE, C. J., THAXTER, FELLOWS, MERRILL, NULTY, WILLIAMSON, JJ.

MERRILL, J. On motions and exceptions by the defendant. The plaintiff in each of these cases was the owner and occupant of a valuable summer estate and home in Kennebunkport, in the County of York. These estates of the plaintiffs were located between a summer hotel known as Old Fort Inn and the sea. The two estates were contiguous and certain trees and growths thereon afforded each of the plaintiffs privacy with respect to the other plaintiff and privacy from observation from the inn, as well as beautified the estates. The defendant was connected with the management of Old Fort Inn. The trees growing upon the plaintiffs' estates obscured the view of the sea from Old Fort Inn. It is claimed that the defendant, who was active

in the management of Old Fort Inn, directed employees of Old Fort Inn to cut out trees and growth, and limbs growing on trees situate on the plaintiffs' estates and thereby open up a vista to the sea across and through the plaintiffs' estates for the benefit of Old Fort Inn. While it is not denied that employees of the corporation owning Old Fort Inn did make the cuttings upon the plaintiffs' estates, it is the position of the defendant that the plaintiffs have failed to show that such work was done at his direction or that he was responsible therefor. This question was left to the jury for their determination and by their verdicts they have found this issue against the defendant.

The actions were brought to recover treble damages under the provisions of R. S. Chap. 111, Sec. 11. Under appropriate instructions from the court, the jury found specially that the trespasses were committed wilfully and knowingly, that the trees were ornamental trees and that the lands on which the trespasses were committed were improved lands. They also specially found the amount of *actual damage* suffered in each case to be $5,000. After receipt of verdicts, each in the sum of $5,000, the justice presiding ordered a judgment to be entered in each case for three times the amount of the verdict, viz., for $15,000.

In the Elliot case the declaration set forth that the actual damage to the plaintiff's property caused by the trespass was $10,000 and in the Collin case that such damage was $6,000. Neither declaration expressly claimed treble damages. Each declaration, however, set forth sufficient facts to entitle and authorize the plaintiff to recover treble damages. In each writ the *"ad damnum"* was set in exactly the same amount as the *actual damage* alleged in the declaration. The verdicts in each case were *less than,* and within the sum set forth in the declaration as the *actual damage* to the plaintiff's estate caused by the defendant's trespass thereon. In each case *trebling the amount of actual damage* produced a sum *in excess* of the *ad damnum* in the writ.

After the presiding justice had ordered judgments to be entered in each case in three times the amount of the verdict rendered by the jury, defendant filed general motions attacking the verdicts on the usual grounds and also attacking the action of the court in trebling the verdicts and ordering judgment in each case in excess of the *ad damnum* in the writ. Defendant also filed exceptions to the denial of his motions for directed verdicts and to the action of the court in ordering judgments in treble the amount of the verdicts found by the jury.

The exceptions to the refusal of the presiding justice to direct verdicts for the defendant and the motions to set the verdicts aside, so far as the motions are based upon allegations that they are against the evidence and the manifest weight of the evidence are without merit. A discussion of the testimony would serve no useful purpose. Suffice it to say, there was credible evidence from which the jury could find that the trespasses were committed at the direction of the defendant, that his action in this respect was willful, and knowingly taken in total disregard of the plaintiffs' property rights, that the trees cut were ornamental trees and cut upon lands which fell within the description of those described in Section 11 *supra*. The attitude of the defendant is well shown by the uncontradicted testimony of a witness who testified that the defendant stated, prior to the cutting of the trees on the Collin property and upon being told that they would make trouble: "To hell with them. Let them sue me. All they can get is the cost of the trees."

Except for the fact that compliance with the order that judgment be entered for three times the amount of the actual damage would result in a judgment in each case in excess of the *ad damnum* (of which later), the procedure followed in these cases is in accord with precedent. It is not necessary to expressly claim treble damages in the declaration. It is sufficient to set forth facts showing that

the plaintiff is entitled thereto. *Black* v. *Mace*, 66 Me. 49. In cases where multiple damages are claimed it is immaterial whether the court, acting within its authority, multiplies the verdict for actual damages returned by the jury, or instructs the jury to determine the actual damage and return a verdict for the multiple damages. The principle is the same whether the multiple damages be double or treble damages. *Black* v. *Mace, supra, Quimby* v. *Carter,* 20 Me. 218.

This brings us to the consideration of the effect of the order that judgment be entered in three times the amount of the actual damage found by the jury when compliance therewith would result in the entry of a judgment in excess of the *ad damnum* in the writ.

The precise question here presented, so far as we can learn, has not been before this or any other court. This is not the ordinary case where a verdict has been rendered in excess of the actual damage claimed in the declaration, or in excess of the *ad damnum.* In each of these cases the verdict was for an amount smaller than the actual damage claimed and set forth in the declaration, and smaller than the *ad damnum* in the writ.

When these plaintiffs made the *ad damnum* in their respective writs in the same amount as the actual damage alleged in the declaration, it became inevitable that if actual damages were found by the jury in excess of one-third of the amount claimed, a judgment for treble damages in accord with the provisions of the statute would exceed the *ad damnum* in the writ. Faced with this situation, and the amount of each verdict exceeding one-third of the *ad damnum* in the respective writs, the court nevertheless ordered judgments for treble damages, which judgments would exceed in amount the *ad damnum* in each of the writs. This action by the court is challenged both by motions and exceptions.

As early as 1830 this court in *McLellan* v. *Crofton,* 6 Me. 307, 325 declared:

> "It is a principle of law established by several decided cases, that if judgment be rendered for a sum larger than the amount of the *ad damnum,* it is, for that reason reversible on a writ of error; and it must be reversed, unless the plaintiff will enter a remittitur of the excess. If this be done, the court will affirm the judgment for the residue. *Hutchinson* v. *Crossen,* 10 Mass. 251; *Grosvenor* v. *Danforth,* 16 Mass. 74."

This general principle so early recognized has never been questioned by this court unless possibly by a dictum in *Morse* v. *Sleeper,* 58 Me. 329, 332, which intimates that if the error was amendable the statute of jeofails will save a *judgment* from reversal on error. The Maine cases which discuss the effect of a verdict in excess of the *ad damnum* and the power of the court to allow amendments to the *ad damnum* both before and after verdict, to wit, *McLellan* v. *Crofton, supra, Converse* v. *Damariscotta Bank,* 15 Me. 431, *Merrill* v. *Curtis,* 57 Me. 152, *Morse* v. *Sleeper,* 58 Me. 329, *Hare* v. *Dean,* 90 Me. 308, and *Starbird* v. *Eaton,* 42 Me. 569, throw very little light upon the specific problem here involved.

In a note found in Ann. Cases, 1913 B. 709, the general rule as to the power of the court to allow an amendment increasing the *ad damnum* after verdict is well stated as follows:

> "While a trial court has a broad discretion in allowing amendments, even after a verdict, in furtherance of justice, the general rule is that a party is bound by the allegations of his pleadings, and therefore an amendment of a declaration or complaint after verdict, by increasing the amount of the damages claimed, to correspond with the amount of the verdict, will not, as a rule, be permitted without setting aside the verdict and granting a new trial to enable the defendant to make his defense to the enlarged demand."

This statement in the note is well supported by the authorities therein cited. See also 1 Ency. of Plead. & Prac. Page 589 and notes, also 15 Am. Jur. Page 751, Sec. 309. In the case of *McLellan* v. *Crofton, supra,* we stated:

> "The 16th section of our revised statutes, ch. 59 (1820, Chap. 59, now the statute of jeofails R. S., 1944, c. 100, § 11), has respect only to circumstantial errors or mistakes; and it would seem that, inasmuch as a judgment is liable to reversal, if rendered for a larger sum than the *ad damnum* alleged, the total omission, or the smallness of an *ad damnum,* cannot properly be considered as merely a circumstantial error or mistake; at least after rendition of judgment. Perhaps until judgment is rendered, it may be so considered. We are not aware of any decisions opposing this idea."

Pursuant to the intimation in that case the court after verdict and before judgment allowed the insertion of an *ad damnum,* which had been wholly omitted, without setting the verdict aside.

The New Jersey Court of Errors and Appeals declares what seems to us to be the true rule and one well founded in reason for determining whether or not the amendment of the *ad damnum* of the writ after verdict and before judgment is one of substance or is a matter of form and for the correction of a circumstantial error. In the case of *Sweet* v. *Excelsior Electric Co.,* 59 New Jersey Law, 441, 31 Atl. 721, 722, the court said:

> "If a declaration should allege a cause of action on proof of which a larger sum must be due than is stated in the ad damnum clause, then that clause might be deemed formal, and, after verdict, might be amended to conform with the real claim set forth in the pleading. But where, as in this case, the declaration is for unliquidated damages, and contains no indication of the extent of the plaintiff's claim outside of the ad damnum clause, we must presume that the defendant regulated his

> conduct at the trial with reference to a claim for the damages there stated, and might have modified his course of defense had a claim for a larger sum been in controversy. As was said by Lord Kenyon in Tomlinson v. Blacksmith, 7 Term R. 132: 'It would be going too far to make the amendment required without sending the cause to a new trial, as the defendant might have gone to trial relying that no more than (the stated) damages could be recovered against him.' See, also, Corning v. Corning, 6 N. Y. 97."

The foregoing language is particularly applicable to the situation disclosed by the present cases. These declarations alleged actual damage in excess of the amount of such damage found by the jury and returned in their verdict. These declarations show that the actual damage found by the jury would, because of the statute, be trebled. These declarations show that the plaintiffs claim actual damages which, if found to have been sustained as claimed, will require the entry of a judgment in excess of the *ad damnum*. All the information requisite to defend against the plaintiffs' claims was disclosed in the two declarations. The failure to set the formal *ad damnum* clause in an amount sufficient to equal the treble damages was but a formal matter within the rule stated in *Sweet* v. *Excelsior Electric Co., supra.* In these cases the declarations indicated that the extent of the claim of each plaintiff was in excess of the *ad damnum* clause in the writ. The court below, after verdict, could have allowed motions to increase the *ad damnum* in each of these writs without setting aside the verdicts or granting new trials. Counsel for the plaintiffs, fully realizing the facts, deliberately refrained from making motions to amend the *ad damnum* clauses in the writs. They chose rather to come to this court on the records as they then existed and meet the exceptions and motions of the defendant on the existing records.

This court is a statutory court. It is not a court of original jurisdiction. It possesses only those powers conferred

upon it by statute. It is without power to allow amendments to original process. As we said in *Heim* v. *Coleman,* 125 Me. 478, 479:

> "The Law Court in this state is not a constitutional court, but is one created by statute, and has that jurisdiction only which the statute has conferred upon it and that is a limited jurisdiction. It has no other authority * * * * The court cannot properly extend its statutory powers. *Stenographer Cases,* 100 Maine, 275; *Mather* v. *Cunningham,* 106 Maine, 115.

> The Supreme Court, sitting *in banc,* as a court of law, is not a court of original jurisdiction, and cannot grant leave to amend. *Baker* v. *Johnson,* 41 Maine, 15; *Crocker* v. *Craig,* 46 Maine, 327; *Mather* v. *Cunningham,* supra. *State* v. *Dondis,* 111 Maine, 17."

Even if the error in these cases is of such a nature that this court, acting under the authority of R. S., Chap. 91, Sec. 14, could remand these cases to the court below *suo moto* for amendments, justice does not, in our opinion, require the same to be done.

In these cases the error of the court in ordering judgments in an amount in excess of the *ad damnum* in the respective writs was an error of law. As such it was subject to challenge by exceptions, not motion. The motions so far as based upon this cause must be denied. The exceptions, however, are sufficient to reach the legal error. The error, however, does not require the unqualified sustaining of the exceptions and the ordering of a new trial at all events.

From the earliest days in this state, see *McLellan* v. *Crofton, supra,* as well as elsewhere, it has been the right of a plaintiff who has recovered a judgment in excess of the *ad damnum* in his writ, when the judgment is attacked on that ground, to remit all of the same in excess of the *ad damnum* and thereby save his judgment to that extent. The plaintiff

possesses this same right when the attack, as here, is on the order for judgment and comes before judgment has been finally entered. In the instant cases, the plaintiffs may avail themselves of this privilege.

By his motions the defendant has attacked the verdicts on the ground that the actual damages found by the jury were excessive and that the judgments for treble damages were likewise excessive. The jury in these cases assessed damages with a heavy hand. It undoubtedly was unduly influenced by the arbitrary, willful and overbearing action of the defendant. The verdicts in these cases were to be for the actual damage suffered and were not to include any element of punitive damages. The actual damages suffered, however, in each of these cases were substantial. If the plaintiffs or either of them avail themselves of the privilege of remittitur hereinafter extended to them, the evidence is amply sufficient to sustain verdicts for actual damages in an amount sufficient, when trebled, to equal the *ad damnum* of the respective writs. This being true, justice will be done in each case by making an entry therein that the motion and exceptions be overruled if the plaintiff within thirty days after receipt of the rescript shall remit all damages in excess of the amount of the *ad damnum* contained in his or her writ; otherwise exceptions and motion to be sustained, and a new trial granted.

The entry in the case George A. Elliot, Jr. v. Maurice N. Sherman, Docket No. 1479 to be as follows:

> *If plaintiff remits all damages in excess of $10,000 within 30 days after the rescript in this case is received, exceptions overruled, motion overruled. Otherwise, exceptions sustained; motion sustained, and new trial granted.*

The entry in the case of Marion Clapp Collin v. Maurice N. Sherman, Docket No. 1482 to be as follows:

> *If plaintiff remits all damages in excess of $6,000 within 30 days after the rescript in this case is received, exceptions overruled, motion overruled. Otherwise, exceptions sustained; motion sustained, and new trial granted.*