ELMIRA ROBICHAUD
*vs.*
NAPOLEON ST. CYR

Kennebec.   Opinion, July 13, 1954.

*John A. Platz,* for plaintiff.

*Locke, Campbell, Reid & Hebert,* for defendant.

SITTING: FELLOWS, C. J., WILLIAMSON, TIRRELL, WEBBER, BELIVEAU, TAPLEY, JJ.

FELLOWS, C. J.   This is an action for alleged negligence brought by the plaintiff Elmira Robichaud a passenger in a car driven by the defendant Napoleon St. Cyr.  The case was heard in the Superior Court for Kennebec County and verdict was for the plaintiff in the sum of $14,250.  It comes to the Law Court on defendant's exceptions to the refusal to direct a verdict, motion for new trial, and defendant's exceptions to allowance by the presiding justice of plaintiff's motion to increase the *ad damnum* of the writ.

On November 9, 1952, the plaintiff was riding with the defendant in an automobile on a State highway near Mechanic Falls, and was severely injured as the result of a collision between the defendant's automobile in which she was riding and another automobile coming from the opposite direction.

Before the trial of the pending case, the plaintiff had received the sum of $4250 from the driver of the second vehicle in return for a covenant not to sue. This payment was set up by brief statement of the defendant in the pending case, and the presiding justice instructed the jury that its verdict in the pending case, if for the plaintiff, would be subject to a credit for the sum of $4250.

The evidence shows that the defendant was following a State Police car along the highway and on his right side of the road. At a point in the road on a curve, the second car coming in the opposite direction, passed the police car which was stopping on the right shoulder of the road. The highway was wet in some places, and at other places snow covered and slippery. The police car was about 100 yards ahead of the defendant St. Cyr's car. Before the second car passed the police car, it started to skid and the police car stopped, or nearly stopped, on the right shoulder to permit it to pass. The second car went by the police car and, according to a witness, was skidding from side to side on the slippery way. The defendant continued at his previous speed of about 30 miles an hour. The second car at a speed of about 40 miles an hour, went over the center line of the highway and crashed into the defendant's car. During the time that the second car started out of control, as it was about to pass or was passing the police car, until the time it crossed the center line and against the defendant's car, the plaintiff passenger warned the defendant driver several times of impending danger from the skidding and approaching car, but the defendant driver did not stop, and

continued as before on his right side of the road and at about the same speed.

Before the close of the trial the plaintiff moved to increase the *ad damnum* of her writ from $10,000 to $14,250 which was granted, subject to objection and exceptions by defendant. No continuance was asked for. At the close of the testimony the defendant moved for a directed verdict which was denied. The defendant took exceptions. The verdict was a substantial one, but the defendant raises in argument no question that it was excessive. The injuries were severe and the expenses large.

The allowance of an amendment to the *ad damnum* of a writ has long been considered as within the judicial discretion of the presiding justice, under such terms, if any, as the court may order. It might of course be possible, under some circumstances, for such an unreasonable amendment to be allowed that discretion could be considered as abused. The defendant should have a continuance, if a continuance is asked for and conditions require. We see here no abuse, and no continuance was requested. True, the defendant objected to the allowance but no reasons are stated in the record. See *Merrill* v. *Curtis*, 57 Me. 152; *Hare* v. *Dean*, 90 Me. 308; *McLellan* v. *Crofton*, 6 Me. 307; *Bartlett* v. *Chisholm*, 147 Me. 265; *Collin* v. *Sherman*, 147 Me. 317; *Bolster* v. *China*, 67 Me. 551, 553; *Topsham* v. *Lisbon*, 65 Me. 449, 461; Revised Statutes 1944, Chapter 100, Section 11; Rule 3 of Court Rules, 147 Me. 465; Rule 4 of Court Rules, 147 Me. 465. See generally 71 C. J. S. "Pleading," page 666, Sec. 293.

With regard to the exception for failure to direct a verdict. The rule of law is familiar that a verdict should be directed only when no other verdict could be sustained. *Irish* v. *Clark*, 149 Me. 152; *Bernstein* v. *Carmichael*, 146 Me. 446. Where, however, the evidence and inferences to be drawn therefrom present issues for jury consideration,

a verdict should not be directed. *Haskell* v. *Herbert,* 142 Me. 133; *Crockett* v. *Staples,* 148 Me. 55; *Young* v. *Chandler,* 102 Me. 251; *Tomlinson* v. *Clement Bros.,* 130 Me. 189.

Under the circumstances of this case a jury should answer the question as to whether or not the plaintiff passenger was in the exercise of due care. Was she observant? Did she warn of possible danger? If she warned, should she have warned, or was her warning such a disturbing factor that in fact she was negligent, in whatever she did? Was the defendant driver in the exercise of due care under the circumstances? Did the defendant see the skidding car, if it was skidding? Was the road slippery? Was the speed of the defendant's car excessive at the time and under the conditions? Should the defendant have reduced his speed? Should the defendant have stopped, and pulled off the highway as did the police car ahead? Should the defendant have attempted to avoid the oncoming car? Was the oncoming car apparent to the defendant as out of control? If out of control, what should defendant have done that he failed to do, or what should he have ceased to do, whatever he may have been doing? These and many other questions were questions that presented issues for jury consideration.

The refusal to direct a verdict was proper.

*Exceptions overruled.*

*Motion overruled.*