**SPARROW & JACOBSKY PARTNERSHIP,**

v.

**James DeGRANDPRE, et al.**

Supreme Judicial Court of Maine.

Submitted on briefs Sept. 7, 1994.

Decided Oct. 5, 1994.

Clark C. Hambley, Givertz, Lunt, Hambley & Scheffee, P.A., Portland, for plaintiff.

James F. Cloutier, Cloutier, Barrett, Cloutier & Conley, Portland, for defendants.

Before WATHEN, C.J., and ROBERTS, GLASSMAN, CLIFFORD, RUDMAN, and DANA, JJ.

WATHEN, Chief Justice.

■ Defendants James DeGrandpre, Linda DeGrandpre, Arthur Gilbert, and Jaclyn Gilbert appeal from an order of the Superior Court (Cumberland County, *Lipez, J.*) affirming a summary judgment entered in the District Court (Portland, *Rogers, A.R.J.*) in an action on a promissory note. Defendants contend that the District Court lacked jurisdiction because the amount originally demanded under the note exceeded the jurisdictional limit of the District Court. They contend that by amending plaintiff's complaint to waive any demand in excess of $30,000, plaintiff failed to bring the claim within the court's jurisdiction. We affirm the judgment.

Pursuant to 4 M.R.S.A. § 152(2) (1989) the District Court has "(o)riginal jurisdiction, concurrent with that of the Superior Court, of all civil actions when no equitable relief is demanded and the damages claimed do not exceed $30,000." Long ago, we upheld the validity of an amendment of a claim to bring damages within a court's jurisdictional limits. *Converse v. Damariscotta Bank*, 15 Me. 431 (1839). By focusing on the amount of "damages claimed" rather than the amount that might legitimately be claimed, section 152(2) permits jurisdiction to be invoked by waiving any portion of the claim in excess of the jurisdictional limits.

■ We reject the remaining argument advanced by defendant that the payments made on the note prior to default, and reflected in the balance due, should be credited a second time to the reduced claim of $30,000. Defendants cite no authority for this novel proposition, and further research reveals none. By waiving a portion of the claim, plaintiff did not rewrite the original terms of the promissory note.

The entry is:

Judgment affirmed.

All concurring.